**UNITED STATES of America,**
**Appellee,**

v.

**Mario LONDONO–TABAREZ,**
**Defendant–Appellant.**

**No. 05–3848–cr.**

United States Court of Appeals,
Second Circuit.

Feb. 2, 2007.

---

Andrew L. Fish, Celeste L. Koeleveld, Assistant United States Attorneys, for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

Laurie S. Hershey, Manhasset, NY, for Defendant–Appellant.

Present: Hon. ROBERT A. KATZMANN, Hon. PETER W. HALL, Circuit Judges, Hon. DAVID G. TRAGER, District Judge.*

## SUMMARY ORDER

Defendant was convicted, after a jury trial, of conspiracy to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 846. At the sentencing hearing, on September 24, 2002, the district court determined that the quantity of cocaine in the conspiracy was more than 50 kilograms. Defendant's Guidelines range was 188 to 235 months imprisonment and the district court sentenced him to 188 months' incarceration, five years' supervised release, and a $100 special assessment. Defendant appealed his conviction and this Court affirmed. *United States v. Londono–Tabarez*, 121 Fed.Appx. 882 (2d Cir. 2005). Relevant to this appeal is our holding that the district court correctly found that defendant was engaged in a conspiracy to distribute more than 50 kilograms of cocaine. *Id.* at 885.

We then remanded this case pursuant to *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and *United States v. Crosby*, 397 F.3d 103 (2d Cir.2005). On remand, defendant argued that our findings that the errors at trial were harmless "pertained only to trial proof . . . not to sentencing," and invited the district court to revisit the evidence supporting the 50 kilogram determination, excluding the evidence admitted in error at trial. In an order dated June 14, 2005, the

* The Honorable David G. Trager, United States District Judge for the Eastern District of New York, sitting by designation.

district court, "[u]pon consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a), all the materials that were submitted to the Court by defense counsel prior to sentencing, and the trial transcripts," declined to resentence defendant. This appeal followed.

After *Booker*, we review a district court's sentence for "reasonableness." *Crosby*, 397 F.3d at 113. We have held that "a sentence will satisfy the requirements of *Booker* and the Sixth Amendment if the sentencing judge (1) calculates the relevant Guidelines range, including any applicable departure under the Guidelines system; (2) considers the calculated Guidelines range, along with the other § 3553(a) factors; and (3) imposes a reasonable sentence." *United States v. Fernandez*, 443 F.3d 19, 26 (2d Cir.2006). While, "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances," there is no "presumption, rebuttable or otherwise," that a Guidelines sentence is reasonable. *Id.* at 27.

Defendant claims that the district court's failure to "parse[ ] out the various sentencing factors of 18 U.S.C. § 3553(a) in [its] decision declining resentencing" amounted to procedural error. This argument is without merit as a district court does not have to "*precisely identify* either the factors set forth in § 3553(a) or specific arguments bearing on the implementation of those factors in order to comply with her duty to consider all the § 3553(a) factors along with the Guidelines applicable range." *Fernandez*, 443 F.3d at 29. The record is devoid of evidence that the district court misunderstood the relevant statutory requirement or the Guidelines range, thus we presume that the court

"faithfully discharged [its] duty to consider the statutory factors." *Id.* at 30.

Defendant next argues that the length of the sentence is unreasonable because the district court failed to "re-examine the record through the prism of this Court's decision [in his first appeal], before declining to resentence the defendant," arguing that the errors we found in the trial draw into question the validity of the drug quantity determination. Furthermore, the defendant contends that the sentence is unreasonably long, and a reasonable sentence would have been the mandatory minimum term of 120 months, particularly given his family circumstances.

There is no question that the defendant was found guilty by a jury of conspiracy to traffic in five kilograms of cocaine. As mentioned above, this Court already upheld both the defendant's conviction and the district court's determination that, for sentencing purposes, the defendant conspired to traffic in 50 kilograms of cocaine, despite any errors at trial. *Londono–Tabarez*, 121 Fed.Appx. at 885. Furthermore, while defendant's family circumstances are tragic, given that defendant conspired to sell a significant amount of a dangerous drug, we cannot say that a sentence at the bottom of the applicable Guidelines range is unreasonable.

The judgment of the district court is therefore **AFFIRMED.**